UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CRIMINAL ACTION NO. 1:05CR-15-M**

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**VS.**

**EDDIE MOSLEY**                                                      **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Eddie Mosley, to suppress all evidence obtained as a result of the stop of a vehicle in which he was a passenger, subsequent search of the passenger seat of the vehicle, and statements he made to officers at the scene and post-arrest. [DN 24]. Defendant claims that the evidence was obtained as a result of an illegal stop of the automobile in which he was a passenger, an illegal seizure of his person, an illegal search of the vehicle's seat in violation of his rights under the Fourth Amendment, and violated his Fifth Amendment rights against self-incrimination. On August 18, 2005, a suppression hearing was held. There appeared Brian Butler for the United States and Patrick Bouldin, counsel for Defendant, Eddie Mosley. The parties filed a motion and response in support of their respective positions [DN 24, DN 26]. By letter dated August 26, 2005 and docketed August 29, 2005, the Defendant withdrew the two suppression arguments related to <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) [DN 34]. Specifically, the withdrew the following arguments: 1) that Mr. Mosley's statement to Officer Dwyer while being taken out of Mayes' vehicle was made in violation of <u>Miranda</u>; and 2) Mr. Mosley's statements to

Officer Ford while in transit to jail were made in violation of <u>Miranda</u> [DN 34]. Fully argued, this matter is ripe for decision on all other evidentiary issues. For the reasons set forth below, the motion by Defendant to suppress all other evidence is **denied**.

## FACTS

On March 24, 2004 at approximately 9:45 in the evening, Officer Matt Dolezal of the Guthrie Police Department observed a 1983 Ford truck driven by Timothy Mayes did not have its license plate illuminated. He subsequently stopped the vehicle for that reason. Defendant, Eddie Mosley was a passenger in the truck. Upon approaching the vehicle, Officer Dolezal smelled alcohol and observed an opened case of beer in the truck. Officer Dolezal asked Mayes to step out of the vehicle for a field sobriety test. Defendant stayed in the vehicle.

Officer Keith Dwyer of the Guthrie Police Department arrived on the scene to back up Officer Dolezal. He stationed himself behind and to the side of the passenger side of the truck to observe the Defendant. He observed the Defendant pull a gun out of his pants and hold it on his left side, facing where Officer Dolezal was conducting the field sobriety test on Mayes. Officer Dwyer yelled at the Defendant to put the gun down and drew his own pistol, pointing it at the Defendant. As Officer Dwyer approached the truck, still yelling, the Defendant pulled his hands up in Dwyer's view without the gun. Officer Dwyer opened the door of the truck. Dwyer then pulled Defendant from the truck. After hand cuffing Defendant, Officer Dwyer retrieved the weapon that Defendant had lodged in between the seat cushions of the truck. The Defendant was arrested for Carrying a Concealed Deadly

Weapon.

## DISCUSSION

### Stop of the Vehicle

The Fourth Amendment protects an individual from unreasonable searches and seizures. Traffic stops are considered seizures within the meaning of the Fourth Amendment. Delaware v. Prouse, 440 U.S. 648 (1979). Defendant Mosley argues that Officer Dolezal did not have reasonable suspicion or probable cause to justify a stop of the vehicle in which he was a passenger.

Under Terry v. Ohio, 392 U.S. 1 (1968), an officer without a warrant "'may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot.'" United States v. Johnson, 238 F. Supp. 2d 663, 669 (D. Del. 2002)(quoting United States v. Robertson, 305 F.3d 164 (3d Cir. 2002), cert. denied, 538 U.S. 1043 (2003)). Reasonable, articulable suspicion of criminal activity has been defined as "'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion.'" Id. at 669-670 (quoting Terry, 392 U.S. at 21). In determining whether reasonable suspicion exists, the Court must look at the

> "totality of the circumstances" of each case to see whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing. This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that "might well elude an untrained person."

United States v. Arvizu, 534 U.S. 266, 273 (2002)(citations omitted); United States v.

Turner, 2003 WL 21946471, *2-*3 (W.D. Tenn. June 30, 2003).

"An officer may also stop a vehicle if the officer has probable cause to believe that a traffic offense has occurred, even if the offense is minor and the stop is merely a pretext to investigate other crimes." United States v. Randall, 62 Fed. Appx. 96, 97 (6th Cir. 2003)(citing Whren v. United States, 517 U.S. 806, 810, 813 (1996)). As noted by the Sixth Circuit, "[s]o long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment." United States v. Ferguson, 8 F.3d 385, 391 (6th Cir.1993) (en banc), cert. denied, 513 U.S. 828 (1994). See also Whren v. United States, 517 U.S. 806 (1996)("[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Id. at 810). See also United States v. Burton, 334 F.3d 514, 516 (6th Cir. 2003), 540 U.S. 1135 (2004)("The Fourth Amendment . . . permits an officer who has probable cause to believe that a traffic violation is occurring to detain the automobile, regardless of the officer's subjective motivation for the stop.").

In the present case, the Court finds that Officer Dolezal had probable cause to believe that Mayes' vehicle committed a traffic violation. Officer Dolezal testified that he visually observed that the license plate was not properly illuminated prior to stopping the vehicle. Therefore, Officer Dolezal clearly had probable cause to stop the vehicle for the traffic violation.

### **Seizure of Defendant & Subsequent Retrieval of the Gun**

Fourth Amendment jurisprudence recognizes three distinct types of contacts that occur

between police officers and citizens: (1) consensual encounters initiated by the police for which officers need not provide any articulable reason; (2) classic *Terry* stops – temporary, involuntary detentions based on reasonable suspicion; and (3) full-fledged arrest based on probable cause. United States v. Flowers, 909 F.2d 145, 147 (6th Cir. 1990); United States v. Johnson, 23 F.3d 409 (6th Cir. 1994); United States v. Fisher, 27 Fed Appx. 558 (6th Cir. 2001). Only the second and third types of contact involve a seizure.

In the present case, the Officer Dolezal was conducting a field sobriety test while Dwyer watched the truck for the safety of his fellow officer. It was only upon Dwyer's observations of the Defendant during this valid stop, that he became suspicious of the Defendant's movements. When Dwyer observed the Defendant pull out a gun, he had reasonable suspicion to seize the Defendant. The seizure occurred only after the Defendant hesitated in dropping his gun. Defendant's conduct prior to the seizure provided sufficient basis for the Officer to reasonably suspect that he was armed with a weapon. The Sixth Circuit has held that a "[i]n the course of an otherwise permissible consensual encounter, . . . [an individual's] own activities, including his refusal to remove his hands from his . . . jacket pocket together with his nervous behavior," creates a "reasonable suspicion upon which to make an investigatory detention." United States v. Kimber, 33 Fed. Appx. 717, 721 (6th Cir. February 20, 2002). See also United States v. Moorefield, 111 F.3d 10, 14 (3d Cir. 1997)(finding that a defendant's "furtive hand movements" and refusal to obey an officer's commands helped provide reasonable suspicion); United States v. Valentine, 232 F.3d 350, 359 (3d Cir. 2000)("what Valentine did after he failed to comply with the police officers'

orders can be considered in evaluating reasonable suspicion"), cert. denied, 532 U.S. 1014 (2001); Illinois v. Wardlow, 528 U.S. 119, 124 (2000). After considering the totality of the circumstances the Court concludes that Officer Dwyer had a reasonable and articulable suspicion to seize the Defendant.

If an investigative detention ripens into an arrest, the officer must have probable cause for the continued seizure. Fisher v. Harden, 398 F.3d 837, 844 (6th Cir. 2005) (quoting Weaver, 340 F.3d at 408). In determining whether an encounter that started as a stop has turned into an arrest, the Court assess "whether the use of force was reasonably related in scope to the situation at hand," Fisher v. Harden, 398 F.3d 837, 844 (6th Cir. 2005)(quoting Feathers, 319 F.3d at 851). Under this analysis, Dwyer had probable cause for an arrest of the Defendant. Dwyer observed Defendant pull a gun out from his pants and lay it in his seat facing a fellow officer. This gave the officer probable cause for making an arrest for Carrying a Concealed Deadly Weapon. The Defendant argues that Officer Dwyer did not know whether Defendant had a permit to carry a concealed weapon when he seized him. This point, however, is irrelevant as to whether the officer had probable cause to make an arrest. Because the arrest was supported by probable cause, it was lawful. The search incident to the arrest in which Dwyer received the gun was therefore valid as well. See Chimel v. Cal., 395 U.S. 752 (1969).

## CONCLUSION

The Court concludes that none of the actions of Officers Dolezal and Dwyer violated

Defendant's Forth Amendment rights and therefore, the information gained from the stop, arrest, and search is admissible.  For these reasons,  **IT IS HEREBY ORDERED** that the motion by Defendant, Eddie Mosley, to suppress the above evidence [DN 24] is **denied.**

cc: counsel of record